IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 17-295** |
| **JORGE ROSILES-ARREOLA** | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

On June 22, 2017, the defendant pled guilty to a violation of 8 U.S.C. § 1326(a), illegal reentry after deportation. He was last deported on April 13, 2013 following a federal conviction for illegal entry, and soon thereafter, illegally reentered the United States. The government believes a time-served sentence with a period of one year supervised release is appropriate due to the defendant's high risk of recidivism given his prior history of repeated illegal entries into the United States.

**I.    PROCEDURAL HISTORY**

On May 3, 2017, the defendant was arrested in Hatfield, Pennsylvania by Immigration and Customs Enforcement ("ICE") for illegally entering the United States. On May 31, 2017, the defendant was charged by indictment with one count of illegal reentry into the United States, in violation of 8 U.S.C. 1326(a). On June 22, 2017, the defendant pled guilty to the count of illegal reentry. At the time of sentencing on July 25, 2017, the defendant will have served approximately 82 days of imprisonment.

**II.    FACTUAL SUMMARY**

Prior to his arrest in this case, the defendant had been removed from this country on three different occasions, specifically on July 25, 2012, August 4, 2012, and April 13, 2013. During each removal, the defendant admitted he was a Mexican national and was illegally in the United States. Immediately prior to his second removal, the defendant was convicted of illegal entry in Texas and served a two-day period of incarceration.

**III.   SENTENCING CALCULATION**

   A.  <u>Statutory Maximum Sentence</u>

The maximum sentence that may be imposed on the defendant is two years' imprisonment, one year of supervised release, a $250,000 fine, and a $100 special assessment, followed by likely deportation.

   B. <u>Sentencing Guidelines Calculation</u>

The government agrees that the final guidelines range is 0-6 months, however, the government notes that the defendant has a prior federal conviction for illegal entry into the United States which is not reflected in the Presentence Report.

The government agrees with the Presentence Report that the defendant receives a base offense level of an eight and a two-level decrease for timely acceptance of responsibility for final adjusted offense level of a six.

As noted at the change of plea hearing, the defendant was convicted in Texas on August 2, 2012 for illegal entry into the United States, in violation of 8 U.S.C. § 1325(a)(1). The defendant received a two-day sentence of incarceration for that offense. Accordingly, he earns one criminal history point pursuant to U.S.S.G. § 4A1.1(c) and is a Criminal History Category I.

With an offense level of a six and a Criminal History Category I, the defendant faces a guidelines range of 0-6 months' incarceration.

**IV.     ANALYSIS**

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable starting point for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

<u>Nature and Circumstances of the Offense and the History and Characteristics of     the Defendant</u>

The defendant has repeatedly unlawfully entered the United States despite being deported several times. Although he has entered to seek and maintain employment, his continued violations of the law must be punished despite his admirable desire to work. A time-served period of incarceration followed by a one-year period of supervised release is an appropriate sentence given his chronic unlawful entries and his otherwise law abiding life.

In an illegal re-entry case, a term of supervised release is generally not advisable given the certainty of deportation following the completion of a sentence. See U.S.S.G. § 5D1.1(c). However, the guidelines application note instructs that a court should consider the imposition of a term of supervised release when it would provide appropriate additional deterrence given the facts and circumstances of a case:

> In a case in which the defendant is a deportable alien specified in subsection (c) and supervised release is not required by statute, the court ordinarily should not impose a term of supervised release. Unless such a defendant legally returns to the United States, supervised release is unnecessary. If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution. *The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case*.

U.S.S.G. § 5D1.1(c), application note. 5 (emphasis added).

The defendant has not been deterred by repeated removals and contacts with ICE, and even reentered within months of his first removal. Further, he illegally reentered twice following his conviction for illegal entry and his corresponding two-day prison sentence.

In addition to his formal removals from this country, the defendant has been caught and released three times. On March 30, 1999, April 2, 1999, and May 21, 2011, U.S. Border Patrol Agents apprehended the defendant and granted him voluntary return to Mexico. However noble the defendant's motives are in his pursuit to gain employment in the U.S., he has violated federal law multiple times in his endeavor to find work outside of his native country of Mexico, and the additional deterrence of a one-year period of supervised release is appropriate under these circumstances.

<u>The Need for the Sentence to Reflect the Seriousness of the Offense, The Need to Provide Just Punishment for the Offense, the Need for Deterrence, and to Protect the public from Further Crimes</u>

A time-served sentence of 82 days' imprisonment followed by a one-year period of supervised release will appropriately punish the defendant and deter him from unlawfully reentering the United States.

<u>Need for Educational and Vocational Training, Medical Care, and other Correctional Treatment</u>

There is no need in this case for consideration of educational or vocational training, medical care or other correctional treatment when imposing sentence.

<u>Sentencing Commission Guidelines and Policy, the Need to Avoid Unwarranted Sentence Disparities Among Similarly Situated Defendants, the Need to Provide Restitution</u>

The government's recommended sentence is an appropriate one given the defendant's history of repeated illegal entries, and such a sentence will not cause sentencing disparities among similarly situated defendants.  Further, there is no need to provide restitution in this case.

## V.  CONCLUSION

Therefore, in sum, given all of the appropriate considerations of sentencing, the government respectfully requests a time-served sentence followed by a one-year period of supervised release.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney


<u>/s/ Maria M. Carrillo</u>
MARIA M. CARRILLO
Assistant United States Attorney

5

## CERTIFICATE OF SERVICE

I, Maria M. Carrillo, hereby certify that the government's sentencing memorandum was served by electronic mail on the defendant's attorney:

>Elizabeth Toplin, Esquire
>Assistant Federal Defender
>Counsel for Jorge Rosiles-Arreola

>s/Maria M. Carrillo
>MARIA M. CARRILLO
>Assistant United States Attorney

July 18, 2017